MARY G. BUTMAN *vs.* JOHN A. BACON.

Proof that a depositor in a savings bank left her bank book with her mother, for the purpose of enabling the latter to draw out money upon special orders, from time to time, and that moneys were at different times deposited and withdrawn by the latter for the former, is not sufficient to authorize a jury to infer an agency on the part of the latter to receive payment of other money due to the former.

CONTRACT to recover the sum of $100 money lent.   The defence was payment.

At the trial in the superior court, before *Lord*, J., the plaintiff testified that, being about to remove from Boxford, where she formerly lived, she left with her mother her bank book of deposits in the Haverhill Savings Bank, so that, if she should want money, she might send an order to her mother to draw it for her; that she afterwards sent money to her mother to deposit; that the defendant, who was her brother, applied to

her by letter for a loan of $150, and that she sent an order for that amount to her mother; and it appeared that this amount was drawn from her funds in the bank, and afterwards a deposit to her credit of $50 was made. The defendant admitted that he received the $150 from the savings bank on the order, and his counsel asked him, in his examination, what he did with the money. Objection being made to this inquiry, the judge asked the object of it; and the defendant's counsel replied that it was to prove that $50 of the money was immediately handed to the mother, and that the $100 actually borrowed was paid to the mother about a year afterwards. A witness was then called who testified that, when the plaintiff left her bank book with her mother, she gave her "instructions about her business; the instructions were, she wanted to leave the bank book with her, and have her do her business, so that when she wanted money she could get it by sending orders to her." The judge ruled that the evidence of the payment of the $100 to the plaintiff's mother was inadmissible, and a verdict was returned for the plaintiff. The defendant alleged exceptions.

*H. Carter*, for the defendant.

*W. C. Endicott*, for the plaintiff, was not called upon.

By the Court. The evidence offered contains no express words by which the plaintiff constituted her mother her agent to receive payment of this debt. Nor is the power to receive it implied by the agency which the evidence tended to prove; for that agency related to other matters, and was not general, but limited to those matters. *Exceptions overruled.*